UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADDRICK PIPER

VERSUS

STATE OF LOUISIANA

CIVIL ACTION

NO. 16-481-BAJ-RLB

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 26, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADDRICK PIPER

VERSUS

STATE OF LOUISIANA

CIVIL ACTION

NO. 16-481-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There is no need for oral argument or for an evidentiary hearing. The petitioner's application should be denied as premature.

The petitioner, Chaddrick Piper, challenges his criminal conviction, entered in 2016, after a bench trial conducted in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of domestic abuse battery and one count of unauthorized entry of an inhabited dwelling. The petitioner contends that he was deprived of a fair trial because the trial judge answered his cell phone while the petitioner was testifying.

### Factual and Procedural Background

According to the petitioner's application, the petitioner was charged with domestic abuse battery (strangulation) and unauthorized entry of an inhabited dwelling.[1] Following a bench trial on February 11, 2016, the petitioner was found guilty as to each count. According to the petitioner, he has not yet been sentenced.[2]

---

[1] The Court does not have before it a certified copy of the state court record or certified authentic copies of pleadings pertaining to the petitioner's state court criminal proceedings. Instead, the Court has relied upon representations made by the petitioner in his application, which the Court has found to be adequate in the present instance.
[2] The Petition indicates that the date of sentencing is "pending."

**Legal Discussion**[3]

Based on the foregoing, the Court concludes that the petitioner's application should be dismissed as premature. Specifically, his sentence is not final because sentencing has not yet occurred.

The United States Supreme Court has addressed the issue of finality in a criminal case where a conviction has been affirmed but the sentence has been reversed. *See Burton v. Stewart*, 549 U.S. 147 (2007). In *Burton*, the Court concluded that a "final judgment" in a criminal case includes the finality of both the judgment of conviction and the sentence. *Id.* at 156-57. Therefore, for purposes of determining the finality of a criminal proceeding in a federal habeas corpus case and determining when the one-year limitations period commences in connection with such proceeding, the Court looks to when both the conviction and sentence are final by the conclusion of direct review or by the expiration of time for seeking such review. *Id.*

Accordingly, inasmuch as the petitioner's sentence in this case is not yet final and inasmuch as he will have a right to pursue direct review of his conviction and sentence at such time as it is imposed, his criminal proceedings are not yet final, and federal habeas corpus review is not yet available to him. *See Horne v. Cain*, 2010 WL 1332977, *2 n. 17 (E.D. La. Feb. 24, 2010) (recognizing that where the petitioner has not been re-sentenced in connection with a conviction, his claims in connection with that conviction are not before the Court because the conviction "is not yet even final"); *Pete v. Tanner*, 2009 WL 2949984, *2 (E.D. La. Sept. 11, 2009) (noting that "an underlying criminal judgment is not considered final until *both* the conviction and sentence are final" and, where the sentence on multiple offender proceedings had not yet been imposed, "arguably, petitioner's federal limitations period has not yet even

---

[3] The cases cited herein pertain to the prematurity of habeas petitions filed prior to re-sentencing; however, the principles discussed are equally applicable to a habeas petition filed prior to sentencing.

commenced, much less expired"). *See also Gifford v. Wilkinson*, 2009 WL 4015428, *5 (E.D. La. Nov. 16, 2009) (noting that "in the case of a re-sentencing, the federal courts have resolved that the defendant's conviction does not become final until the conclusion of direct review of that new sentence or the expiration of time for seeking such review"); *Barbee v. Cain*, 2008 WL 975048, *10 (W.D. La. March 17, 2008) (same). Thus, the petitioner's claims in this proceeding are premature, and his habeas corpus application should be dismissed, without prejudice to re-filing at such time as his criminal proceedings are final and he has exhausted all of his claims before the courts of the State of Louisiana. *See Hooks v. Wetzel*, 2014 WL 684836, *2 (E.D. Pa. Feb. 20, 2014) (dismissing a habeas corpus application as premature and concluding that, "because the court remanded for resentencing and that resentencing has not yet occurred, petitioner's sentence is not final .... [and the] court will not grant habeas review or relief until petitioner has completed appellate review at the state level"). *Cf.*, *Parks v. Bledsoe*, 2009 WL 3401173 (D.N.J. Oct. 21, 2009) (dismissing a habeas corpus application as premature because, in the absence of re-sentencing by the state court, the petitioner was not in custody pursuant to the judgment of a state court, and the federal habeas court therefore lacked jurisdiction to entertain the application).

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed, without prejudice, as premature.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on October 26, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**